[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a civil action brought by three plaintiffs seeking money damages for personal injuries received in an automobile accident.
On February 5, 2001, at approximately 12:00 noon the plaintiff Joseph Giulietti (Joseph), was operating a car owned by him in a northerly direction on Woodward Avenue approaching the intersection of Woodward Avenue and Raynham Road, both public highways in the City of New Haven. Connecticut. The plaintiff June Giulietti (June). Joseph's mother, was a passenger in the right front seat, and her husband, the plaintiff' Concezio Giulietti (Concezio). was a passenger in the right rear seat. At said time the defendant John Savino, Jr. (Savino). was operating a truck with a snow plow attached in front in a westerly direction on Raynham Road approaching said intersection. The truck was owned by the defendant City of New Haven, (City), and Savino was operating the truck as an employee of the defendant and acting within the scope of his employment.
The plaintiffs Joseph, Concezio and June have alleged in counts one, two, and three, respectively, that Savino was negligent in the operation of his truck in various respects, including failure to stop at a stop sign in violation of Connecticut General Statutes § 14-301. The same plaintiffs allege in counts four, five and six that the City is liable for damages resulting from Savino's negligence pursuant to General Statutes § 7-465.
The defendants have denied the material allegations with respect to Savino's alleged negligence and have raised a special defense of negligence in the operation of his car with respect to the claim of Joseph. The City has admitted that Savino was operating the truck within his authority as an employee of the City. was not acting in a willful or wanton manner. and that the plaintiffs have given proper notice pursuant to § 7-465.
The court heard this matter on December 3, 2002. in a one day trial at CT Page 562 which the three plaintiffs and Savino testified. Several photographs of the area of the intersection and the two vehicles involved were introduced, along with various medical reports and bills.
The following facts are found. The plaintiffs' car was proceeding at a reasonable rate of speed northerly on Woodward Avenue which is a straight level through street. and approaching the intersection with Raynham Road. It had just started to snow. Joseph had no difficulty maneuvering his car or stopping at intersections. Savino was operating the truck westerly on Raynham Road which as it approaches Woodward Avenue has a slight downgrade. Raynham Road ends at Woodward Avenue, and there is a stop sign for traffic proceeding westerly on Raynham Road. When the plaintiffs' car was close to the intersection, the truck suddenly and without warning entered onto Woodward Avenue and came to a halt blocking the plaintiffs' lane of travel. The truck did not stop at the stop sign. Joseph applied his brakes but was unable to stop in time and the front of the car collided with the left end of the snow plow. Savino testified that he was unable to stop at the stop sign because of the icy condition of the road. The court does not accept his explanation. The truck, which was equipped with chains, went through the stop sign and onto Woodward Avenue because Savino failed to have the truck under reasonable control and failed to apply his brakes in time to stop.
The court finds that the plaintiffs have proven that the accident and their resultant injuries were caused by the negligence of Savino in failing to have the truck under reasonable control, in failing to apply his brakes reasonably. and in failing to stop at the stop sign in violation of § 14-301. The plaintiffs have also proven that the City is liable, pursuant to General Statutes § 7-465, for any damages for which Savino is liable. The defendants have failed to prove the allegations of their special defense.
As a result of the collision Joseph's head struck the windshield and shattered it. He also struck his knee on the dashboard. He had a pounding pain in his head and was taken by ambulance to the hospital, where he was examined and then released. He had headaches for less than one week and has fully recovered. He was out of work for one day and his net pay is $330.00 per day. His medical bills consisted of ambulance $347.00, Yale-New Haven Hospital $203.40, and Yale-New Haven Hospital emergency services $110.00, for a total of $660.40. The court finds that fair, reasonable and just damages consist of economic damages of $990.40 and non-economic damages of $3000.
As a result of the collision Concezio injured his shoulder, knee and finger. His knee struck the rear of the front seat. He did not feel any CT Page 563 pain at the scene and went to the hospital in the ambulance with his wife. At the hospital his knee and shoulder hurt and his finger was swollen. He saw his doctor, Peter Huvelle, the following day. His injuries bothered him for one week and he was out of work for one week. He worked twenty hours a week at a Yale library and his net pay is $191.00 per week. He has fully recovered from his injuries. His only medical is Dr. Huvelle's bill for $75.00. The court finds fair damages consist of economic damages of $266.00 and non-economic damages of $1200.
As a result of the collision June suffered injuries to her chest and arm. Her entire body ached and she had trouble breathing. Her head and neck were immobilized at the scene by the medical personnel, she was placed on a stretcher, and taken to the hospital by ambulance. X-rays were taken and medication prescribed. She was released from the hospital after two hours and saw her doctor, Edward Pryor, the following day. She had a large bruise from her shoulder to the middle of her chest caused by the seat belt. She was employed at the post office as a clerk, earning a net pay of $500 per week, and was unable to work for one week. Her chest bothered her for two weeks and her arm bothered her for about one month. She has fully recovered. Her medical expenses consisted of ambulance $347.00, Yale-New Haven Hospital $438.40, Yale-New Haven Professional Services $150.00, Yale Diagnostic Radiology $105.00, Southern Connecticut Internal Medicine $87.00, medicines $7.72 for a total of $1135.12. The court finds fair damages consist of economic damages of $1635.12 and non-economic damages of $6000.
Counsel are ordered to appear at 10:00 A.M. on Friday. January 24, 2003 in Courtroom 3A for a hearing to determine the amount of collateral source payments, if any. If counsel file a written stipulation with respect to collateral payments prior to January 24, 2003, it will not be necessary to appear.
Hadden, Judge Trial Referee CT Page 564